**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**TODD BALES**
**ADC #651462**                                                                                              **PLAINTIFF**

**V.**                            **CASE NO. 1:14-CV-111-DPM-BD**

**JOHN FERGUSON, et al.**                                                                        **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections with the United States District Court Clerk within fourteen (14) days of this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail all objections to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**II.    Discussion:**

Plaintiff Todd Bales, an Arkansas Department of Correction inmate formerly

housed in the Independence County Detention Facility ("Detention Facility"), filed this case pro se under 42 U.S.C. § 1983. (Docket entry #1)

Based on the allegations in his complaint, Mr. Bales adequately stated deliberate-indifference claims against Defendants Tate and McLaughlin, but only in their *individual* capacities. Mr. Bales, however, sued these Defendants only in their *official* capacities. A claim against a county official in his official capacity is considered a claim against the county, not the individual officer. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Here, Mr. Bales did not identify any custom or policy that caused him injury, so he has failed to state claims against these Defendants in their official capacities.

On January 7, 2015, the Court provided Mr. Bales thirty days to amend his complaint to cure this defect, or risk dismissal of his claims. (#13) To date, Mr. Bales has not filed an amended complaint, and the time for doing so has passed.

### III.    Conclusion:

The Court recommends that Mr. Bales's claims be DISMISSED, without prejudice, based on his failure to comply with this Court's January 7, 2015 Order.  Local Rule 5.5.

DATED this 10th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE